**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EUGENE SZYMANSKI,

      Petitioner,                   Civil No. 99-CV-76196-DT
                                     HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

      Respondent,
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's motion to reopen his habeas corpus petition filed under 28 U.S.C. § 2254.  Petitioner previously filed a petition for a writ of habeas corpus challenging his 1996 convictions for carrying a concealed weapon, fleeing and eluding a police officer, and being a third felony habitual offender.  The petition was denied with prejudice by this Court. *Szymanski v. State of Michigan,* U.S.D.C. No. 99-CV-76196 (E.D. Mich. May 28, 2002)(adopting Magistrate Judge's Report and Recommendation from August 14, 2001).

Petitioner has filed a petition to reopen his habeas corpus petition, claiming that he was denied the assistance of counsel because his trial attorney was laboring under a conflict of interest.

1

*Szymanski v. State of Michigan,* U.S.D.C. No. 99-CV-76196

For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner's motion to reopen or to reinstate his habeas petition is an attempt to file second or successive habeas petition because the motion seeks to

2

*Szymanski v. State of Michigan,* U.S.D.C. No. 99-CV-76196

re-litigate claims that he previously raised in his prior habeas petition. *See In re*

*Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005).

Petitioner previously filed a habeas petition challenging his conviction.

Although petitioner would not have been required to obtain a certificate of

authorization if his first habeas petition had been dismissed without prejudice on

exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich.

1998), petitioner's first petition was denied on the merits.

Petitioner's current request to reopen his habeas petition is a second or

successive petition for a writ of habeas corpus and he is required to obtain a

certificate of authorization.  It is appropriate for this Court to consider the issue

*sua sponte* because subject matter jurisdiction goes to the power of the courts to

render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945

F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a successive

habeas petition, it would be error for this Court to dismiss the petition as being

time barred, rather than transfer it to the Sixth Circuit, because such a timeliness

inquiry would be premature prior to any determination by the Sixth Circuit whether

petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to

file a successive habeas petition. *In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir.

2008).

3

*Szymanski v. State of Michigan,* U.S.D.C. No. 99-CV-76196

### III.  <u>Conclusion</u>

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the "Petition for Leave to Reopen Habeas Corpus Proceeding Pursuant to 28 U.S.C. § 2254 and To Grant Petitioner Habeas Corpus Relief" to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

<u>s/Arthur J. Tarnow</u>
**HONORABLE ARTHUR J. TARNOW**
**Dated: October 20, 2015**    **UNITED STATES DISTRICT JUDGE**

4