UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

    Petitioner,                    Civil No. 99-CV-76196-DT
                                         HONORABLE ARTHUR J. TARNOW
v.                                       UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

    Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Before the Court is petitioner's Rule 60(b) motion for relief from judgment. Petitioner previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996 convictions for carrying a concealed weapon, fleeing and eluding a police officer, and being a third felony habitual offender. The petition was denied with prejudice. *Szymanski v. State of Michigan,* U.S.D.C. No. 99-CV-76196 (E.D. Mich. May 28, 2002)(adopting Magistrate Judge's Report and Recommendation from Aug. 14, 2001). Petitioner has since been denied permission to file a successive habeas petition. *In Re Szymanski,* No. 15-2315 (6th Cir. Sept. 16, 2016).

Petitioner filed a Rule 60(b) motion for relief from judgment, arguing that he is entitled to relief from his state court conviction because he was entrapped into committing the crime.

1

For the following reasons, the Court has concluded that it must transfer the motion to the Court of Appeals.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court lacks the jurisdiction to adjudicate a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged

change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).

Petitioner's Rule 60(b) motion is the equivalent of a second or successive habeas petition because he seeks to raise a new substantive claim for relief from his conviction. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

Accordingly, the Clerk of Court is ordered to transfer petitioner's Rule 60(b) motion for relief from judgment (Dkt. # 51) to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

s/Arthur J. Tarnow
**HONORABLE ARTHUR J. TARNOW**
**Dated: April 17, 2018**     **UNITED STATES DISTRICT JUDGE**